IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TONY BEARDEN                                        Plaintiff

        v.                  Case No. 06-04021

JO ANNE B. BARNHART, COMMISSIONER
OF SOCIAL SECURITY ADMINISTRATION
OF THE UNITED STATES OF AMERICA                     Defendant

## MEMORANDUM OPINION

Plaintiff, Tony Bearden, seeks judicial review of the Commissioner's denial of Plaintiff's request for disability insurance benefits and supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.*, as amended and Title II, 42 U.S.C. § 401 *et seq.* Plaintiff has exhausted all administrative remedies, and therefore, pursuant to 42 U.S.C. § 405(g), judicial review is appropriate. After reviewing the record, the Court AFFIRMS the decision of the Commissioner.[1]

## I.  Background

The complete facts and arguments are presented in the parties' briefs, and will be duplicated only to the extent necessary. Additionally, the Administrative Law Judge's ("ALJ") decision within the administrative record sets forth her findings and it will not be repeated except to the extent necessary to address Plaintiff's arguments.

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

## II.  Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999).  Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion.  *Warburton*, 188 F.3d at 1050.  In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it.  *Id.*  The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result.  *Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999).  This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied.  *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975).  The Court reviews the ALJ's

2

decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are (1) whether the claimant is currently engaging in "substantial gainful activity;" (2) whether the claimant is severely impaired; (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law; (4) whether the claimant, with his current Residual Functional Capacity ("RFC") can meet the demands of his past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2004); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (discussing the five-step analysis).  In the first four steps, the burden is on the claimant to prove that he or she is disabled.  If the claimant is not able to perform his or her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant.  *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

### III. Analysis

### A.  Introduction

The issue below was whether Plaintiff was entitled to a period of disability, Disability Insurance Benefits, and eligible for Supplemental Social Security Income payments under §§ 261(I), 223, and 1614(a)(3)(A), respectively, of the Social Security Act.  The specific issue was whether Plaintiff was under a disability, defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

The ALJ found that Plaintiff was not engaged in substantial gainful work; did not have an impairment, or combination of impairments, medically equivalent to one listed in Appendix 1, Subpart P, Regulation Number 4; did have severe impairments preventing Plaintiff from returning to his past relevant work; and that Plaintiff's residual functional capacity for the full range of sedentary work is reduced by the inability to read and write, the need to stand and sit alternately, and some postural and environmental limitations, but using Medical-Vocational Rule 201.28 as a framework for decision-making, there are a significant number of jobs in the national economy that Plaintiff could perform.

Plaintiff's Petition alleges the ALJ's erred in finding

4

Plaintiff does not meet a listing level disability, in assessing Plaintiff's credibility, and concluding that Plaintiff retains the residual functional capacity to perform unskilled sedentary work, and the ALJ applied an erroneous standard of law.  (Doc. 1, §§ VI and VII)  Further, Plaintiff's Petition contends that there is newly discovered relevant material evidence, which was unavailable at the time the ALJ rendered the decision denying benefits, that requires remand for inclusion in the record.  (Doc. 1, § VIII)

Specifically, Plaintiff argues in his Appeal Brief three (3) issues as points of error by the ALJ.  First, Plaintiff contends the ALJ's final decision that Plaintiff was not disabled within the meaning of the Social Security Act ("Act") was not supported by substantial evidence.  (Doc. 9, § III.1)  Second, Plaintiff contends the ALJ erred in finding Plaintiff's ability to perform sedentary work was not compromised by Plaintiff's severely diminished intellectual capacity.  (Doc. 9, § III.2)  Third, Plaintiff contends the ALJ erred by concluding Plaintiff retained the residual functional capacity to perform unskilled sedentary work.  (Doc. 9, § III.3)

Plaintiff argues that the ALJ's decision, adopted by the Defendant, is not supported by substantial evidence in the record because the ALJ (1) failed to properly develop the record by obtaining a psychiatric consultative exam; (2) failed to consider the combined effect of Plaintiff's impairments; (3) improperly

5

discredited Plaintiff's testimony; (4) improperly discredited Plaintiff's witness's testimony; and (5) failed to include all of Plaintiff's disabilities in the hypothetical question posed to the vocational expert.

Plaintiff's Appeal Brief contains nothing pertaining to the assertion in Plaintiff's Petition that there is newly discovered relevant material evidence, which was unavailable at the time the ALJ rendered the decision denying benefits.  Thus, the Court will consider that argument withdrawn and not address the issue.

**B.  Substantial Evidence Supports Defendant's Decision that Plaintiff Was Not Disabled Within the Meaning  of the Social Security Act**

Under the sequential evaluation, the second step concerns whether Plaintiff has a severe impairment as defined within the Social Security Act.  A severe impairment must meet the requirements of a listed impairment which meets or equals the level of severity listed in Appendix 1 to Subpart P, Regulation Number 4. Plaintiff contends that his disability stems from a history of chronic back and neck pain, muscle spasms, chronic fatigue, headaches, depression, insomnia, side effects of medication, degenerative disc disease, weakness of both wrists, and diminished intellectual functioning.

In determining whether Plaintiff is disabled within the meaning of the Social Security Act, the ALJ must determine Plaintiff's residual functional capacity ("RFC"), that is, what

6

Plaintiff can still do physically, with his impairments, and also Plaintiff's age, education, and relevant work experience. If the ALJ's finding is that the RFC, age, education, and work experience, meet any of the combinations of those criteria contained in the tables of 20 C.F.R. Part 404, Appx. 2 (1992), then the ALJ must reach the conclusion that Plaintiff is either "disabled" or "not disabled" as directed by the relevant rule or line of the applicable table. The Court finds that substantial evidence supports Defendant's decision that Plaintiff was not disabled within the meaning of the Social Security Act.

### 1. The ALJ Properly Determined Plaintiff's RFC

As discussed above, Plaintiff's RFC is what he can do despite his limitations. 20 C.F.R. § 404.1545. It is Plaintiff's burden, and not Defendant's burden, to prove Plaintiff's RFC. *Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004).

The Court finds that the ALJ's RFC determination was properly based on all relevant evidence, including medical records, observations of treating physicians and others, and Plaintiff's own descriptions of his limitations. *Baldwin v. Barnhart*, 349 F.3d 549, 556 (8th Cir. 2003). Based on all relevant evidence, the ALJ determined that Plaintiff could perform unskilled work activity, including lifting up to ten (10) pounds occasionally, walking and/or standing for ninety (90) minutes in an eight (8) hour day, and sitting for eight (8) hours. (Tr. 295, Finding No. 6) The ALJ

7

further found that Plaintiff needed to alternate between sitting and standing as necessary; that Plaintiff could occasionally climb, crouch, balance, stoop, kneel, and crawl; and that Plaintiff could not work around dust, humidity, vibrations, or extremes of temperature.  (Tr. 295, Finding No. 6)  The Court finds that substantial evidence supports the ALJ's determination.

### a.  Medical Evidence Supports the ALJ's RFC Determination

Although the ALJ must assess Plaintiff's RFC based on all relevant evidence, the Eighth Circuit has also stated that Defendant's RFC "is a medical question." *Masterson*, 363 F.3d at 738.  Medical evidence must support the ALJ's determination of Plaintiff's RFC, and the ALJ should obtain medical evidence that pertains to Plaintiff's "ability to function in the workplace." *Id.* (quoting *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000)). In assessing Plaintiff's RFC, the ALJ is not limited to considering medical evidence, but is required to consider at least some supporting evidence from a professional. *See* 20 C.F.R. § 404.1545(c); *Masterson*, 363 F.3d at 738.

On April 2, 1999, an x-ray examination of Plaintiff's thoracolumbar spine showed minimal developmental anomalies and mild degenerative disc disease at L4-5 and L5-S1, but was otherwise unremarkable.  On May 5, 1999, x-ray examinations of Plaintiff's cervical spine and right knee were normal.  On April 25, 2000, Dr. James M. Arthur, a treating physician, noted that a Magnetic

Resonance Imaging ("MRI") of Plaintiff's back was negative.  On January 14, 2002, Dr. Julius K. Sheppard, an orthopedic surgeon and consultative physician, concluded that Plaintiff moved reasonably well from the table to a walking position; that Plaintiff's Patrick's Test, straight-leg raising test, and Patrick's Supine Test were all within normal limits; and that Plaintiff's deep tendon, sensory, and motor reflexes were all 1+ and equal.  Dr. Sheppard also noted that Plaintiff was not a candidate for surgery because Plaintiff's MRI and neurology tests were within normal limits, and that an x-ray examination of Plaintiff's lumbar spine showed minimal changes.

The Court finds that the ALJ properly incorporated this medical evidence into his determination.  *See Masterson*, 363 F.3d at 738; *see also Krogmeier v. Barnhart*, 294 F.3d 1019, 1023 (8th Cir. 2002) (stating that there must be medical evidence to support an ALJ's RFC determination).

### b.  Plaintiff's Testimony Supports the ALJ's RFC Determination

The ALJ properly relied in part on Plaintiff's testimony that suggests Plaintiff is capable of considerable physical activity despite Plaintiff's impairments.  At the administrative hearing, Plaintiff testified that he worked at a sheltered workshop from 2002 through May 2004.  Plaintiff also testified that he was capable of walking a couple of blocks, lifting between fifteen (15) and twenty (20) pounds, and fishing.  The Court finds that the ALJ

9

properly incorporated Plaintiff's testimony into the ALJ's determination.

### c. The ALJ Properly Weighed the Opinions of Plaintiff's Treating and Examining Physicians

"The [social security] regulations provide that a treating physician's opinion . . . will be granted 'controlling weight,' provided the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *Holmstrom v. Massanari*, 270 F.3d 715, 720 (8th Cir. 2001) (quoting *Prosch*, 201 F.3d at 1012-13 (alteration in original) (quoting 20 C.F.R. § 404.1527(d)(2)). The ALJ may properly discount a physician's opinion if other medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions. *Id.* Whether the weight given a physician's opinion is great or small, the ALJ must give good reasons for the weight accorded the physician's opinion. *Id.*

### i. The ALJ Properly Declined to Give Controlling Weight to the Opinion of Dr. Hasmukh Patel, a Treating Physician, Because the Opinion Was Based On Plaintiff's Subjective Complaints

On appeal, Plaintiff argues that the ALJ erred in evaluating medical evidence by improperly discounting the opinion of Dr. Hasmukh Patel, Plaintiff's treating physician. Dr. Patel testified that his findings were based on Plaintiff's subjective complaints,

10

and that he had no objective medical evidence supporting his findings.  Accordingly, the ALJ declined to give Dr. Patel's opinion controlling weight because the ALJ found that the primary basis for Dr. Patel's opinion was Plaintiff's subjective complaints and reported limitations rather than on objective clinical findings or diagnostic testing.  The Court agrees with the ALJ's determination.

On July 5, 2000, Dr. Patel completed a (Physical) Residual Functional Capacity Assessment indicating that Plaintiff could lift up to ten (10) pounds; that Plaintiff could stand, walk, and sit for less than two (2) hours in a regular workday; that Plaintiff had to alternate sitting and standing every twenty (20) minutes; and that Plaintiff could not perform repetitive operations with his legs and feet while seated.  Dr. Patel also concluded that Plaintiff could frequently balance, occasionally climb, and never stoop, kneel, crouch, crawl, push/pull, or drive; and that Plaintiff could not work around temperature extremes, moving machinery, heights, fumes, dust, or humidity.  However, Dr. Patel stated his findings were based on Plaintiff's subjective complaints, and he had no objective medical evidence supporting his findings.

While subjective complaints by a claimant may be an essential diagnostic tool, the Court finds that a treating physician's opinion must also be supported by medically acceptable clinical and

laboratory diagnostic techniques.   Such techniques were not employed here, and the ALJ may properly discount the opinions of a treating physician to the extent they are based on a claimant's subjective complaints. *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000) (in assessing claimant's RFC, ALJ was entitled to disregard treating physician's opinion that claimant's ability to reach, push, or pull, was limited by pain, in part because such opinion was based on subjective descriptions to physician of claimant's pain levels); *Rankin v. Apfel*, 195 F.3d 427, 430 (8th Cir. 1999) (although a treating physician's opinion is normally entitled to great weight, it was appropriate to discredit treating physician's testimony when it was based heavily on claimant's subjective complaints and at odds with the weight of the objective evidence); *Gaddis v. Chater*, 76 F.3d 893, 895-96 (8th Cir. 1996) (ALJ may discount physician's opinion if it is based on discredited subjective complaints); *Woolf v. Shalala*, 3 F.3d 1210, 1214 (8th Cir. 1993) (ALJ was justified in discrediting opinion of disability by treating physician on ground that it was based solely on claimant's complaints of pain and was unsupported by physician's other findings).

For the reasons set forth above, the Court finds that the ALJ properly declined to give Dr. Patel's opinion controlling weight as the primary basis for Dr. Patel's opinion was Plaintiff's subjective complaints and reported limitations without any support

from objective clinical findings or diagnostic testing.

### ii. The ALJ Properly Declined to Give Controlling Weight to the Medical Report of Dr. Julius K. Sheppard, a Consultative Examiner, Because the Report Was Inconsistent With the Results of an Evaluation that Dr. Sheppard had Given Plaintiff on that Very Same Day

The ALJ also properly declined to give controlling weight to the Medical Source Statement of Ability to Do Work-Related Activities (Physical) form of Dr. Sheppard, a consultative physician, because the ALJ concluded that the form was inconsistent with the results of an evaluation that Dr. Sheppard had given Plaintiff on that very same day.

On January 14, 2002, Dr. Sheppard indicated in his Medical Source Statement of Ability to Do Work-Related Activities (Physical) form that Plaintiff could lift and carry ten (10) pounds occasionally and less than ten (10) pounds frequently, stand and/or walk for less than two (2) hours in an eight (8) hour workday, and had to periodically alternate between sitting and standing.  Dr. Sheppard further found that Plaintiff could occasionally climb, balance, kneel, crouch, crawl, stoop, and reach; and that his ability to reach in all directions was limited.

On that very same day, as discussed in Part III.B.1.a *supra*, Dr. Sheppard also observed and concluded that Plaintiff moved reasonably well from the table to a walking position; that Plaintiff's straight-leg raising test was within normal limits;

that Plaintiff's deep tendon, sensory, and motor reflexes were all 1+ and equal; and that Plaintiff was not a candidate for surgery because Plaintiff's MRI and neurology tests were within normal limits.  Dr. Sheppard also reported that an x-ray examination of Plaintiff's lumbar spine showed minimal changes.      The ALJ may properly discount a physician's opinion if other medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions. *Holmstrom*, 270 F.3d at 720.  The Court finds that the ALJ properly considered Dr. Sheppard's Medical Source Statement of Ability to Do Work-Related Activities (Physical) form and declined to give it controlling weight because, on the same day, Dr. Sheppard physically observed and also concluded that Plaintiff moved reasonably well from the table to a walking position and that various clinical diagnostic tests were all within normal limits.

### 2.  The ALJ Properly Assessed Plaintiff's Subjective Complaints and Discounted Them for Legally Sufficient Reasons

The relevant evidence that also must be addressed by the ALJ in determining Plaintiff's RFC is Plaintiff's own description of his pain and limitations. *Masterson*, 363 F.3d at 738; *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995).  Here, the ALJ considered and found Plaintiff's own description of his pain and limitations not to be fully credible.  Plaintiff takes issue with the ALJ's discounting of Plaintiff's subjective pain and limitation

14

complaints, but Plaintiff fails to show how the ALJ erred in that assessment.

A court should not disturb the decision of an ALJ who seriously considers, but for good reasons explicitly discredits, a claimant's subjective testimony of pain and limitations. *See Reed v. Sullivan*, 988 F.2d 812, 815 (8th Cir. 1993). The credibility of Plaintiff's subjective testimony is primarily for the ALJ to decide, not the Court. *Masterson*, 363 F.3d at 738. Because the ALJ is in a better position to evaluate credibility, this Court defers to the ALJ's credibility determinations, as long as, the determinations are supported by good reasons and substantial evidence. *See Cox v. Barnhart*, ___ F.3d ___, 2006 WL 3751503 (8th Cir. Dec. 22, 2006). The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject Plaintiff's complaints. *See id.*

When evaluating evidence of Plaintiff's pain and limitations, the ALJ must consider: (1) Plaintiff's daily activities; (2) subjective evidence of the duration, frequency, and intensity of Plaintiff's pain; (3) any precipitating or aggravating factors; (4) dosage, effectiveness, and side effects, of any medication; and (5) Plaintiff's functional restrictions. *Masterson*, 363 F.3d at 738. Because pain or lack of range of motion, for example are difficult to measure, the ALJ may not disregard Plaintiff's subjective complaints of pain solely because the objective medical evidence

15

does not fully support such complaints. *Id.*

The absence of this evidence is just one of several factors used to evaluate the credibility of Plaintiff's testimony and complaints.  Subjective complaints may be discounted if the evidence as a whole is inconsistent with Plaintiff's testimony. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984) (setting forth a list of factors the ALJ should consider in reviewing subjective complaints).

Plaintiff argues that he is disabled within the meaning of the Social Security Act.  However, Plaintiff relies solely on his own subjective complaints and medical evidence that is inconsistent and based solely on Plaintiff's subjective complaints.

The ALJ found the subjective allegations by the Plaintiff to not be fully credible and not borne out by the overall record. First, the ALJ noted that the medical evidence did not support Plaintiff's subjective complaints of pain.  Second, Plaintiff's daily activities did not support his subjective complaints of pain. Third, the ALJ noted that Plaintiff had a history of failing to follow up with medical treatment, appointments, or use prescribed medication. *See Dunahoo v. Apfel*, 241 F.3d 1033, 1037 (8th Cir. 2001) (failure to receive follow up treatment fails to support subjective complaints); *Novotny v. Chater*, 72 F.2d 669, 670 (8th Cir. 1995) (failure to seek regular or sustained medical treatment contradicts subjective complaints of pain).

The ALJ articulated the inconsistencies in discrediting the Plaintiff's subjective complaints and these credibility findings were supported by substantial evidence.  The Court finds that the ALJ properly determined the Plaintiff's credibility and rejected Plaintiff's subjective complaints.

### C.   The ALJ Met the Burden of Showing that There Were Jobs Plaintiff Could Do Once It Was Shown that Plaintiff Could Not Do His Past Work

Plaintiff has the initial burden of proving that a medically determinable impairment prevents him from performing his past relevant work. Where Plaintiff meets that burden, the burden shifts to the Defendant to establish that Plaintiff has the RFC to perform other substantial gainful activity in the national economy. Plaintiff contends he could not perform the jobs listed by the vocational expert due to his diminished intellectual capacity.

Plaintiff underwent an IQ test in 2002 and was found to have a full scale IG of 59.   While an IQ test may be helpful in determining whether Plaintiff has a mental impairment, it is not the only evidence that may be examined.   Other information which indicates Plaintiff's ability to function can be used to discredit the results of the I.Q. test.  *Johnson v. Barnhart*, 390 F.3d 1067, 1071 (8th Cir. 2004).   The Eighth Circuit has held on numerous occasions that an ALJ may reject I.Q. scores if they are inconsistent with the rest of the record.  *See id.*, *see also Clark v. Apfel*, 141 F.3d 1252, 1255 (8th Cir. 1998).   I.Q. test results

should be examined to assess consistency with daily activities. *See id.*

In our case, the ALJ expressly discounted Plaintiff's I.Q. scores because they were inconsistent with Plaintiff's activities and abilities as reflected in the record.  The ALJ noted that Plaintiff did not allege a mental deficiency when Plaintiff filed for disability, and that the Social Security Administration interviewer who took his application did not observe any difficulty with Plaintiff's ability to understand, speak coherently, concentrate, or answer questions.

Thus, even though the hypothetical did not include Plaintiff's specific IQ, the hypothetical posed to the vocational expert included some of Plaintiff's mental limitations and those limitations which the ALJ accepted as true, and which were supported by the record. Thus, the ALJ was correct to rely upon the testimony of the vocational expert and no error resulted in finding there were jobs that exist in significant umbers in the national economy which Plaintiff can perform.

## IV.  CONCLUSION

For the foregoing reasons, the decision of the ALJ is supported by the substantial evidence of the record as a whole and is AFFIRMED.  Plaintiff's case is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED AND ADJUDGED this 8th day of February, 2007.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge

18